UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No. 3:07-CR-41 |
| v. | ) ) | (VARLAN /GUYTON) |
| LEON TALLEY, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On January 3, 2008, this criminal action came before the Court on the defendant's Motion to Continue Trial Date. [Doc. 35] Attorney David Jennings appeared on behalf of the government. Attorney Richard Gaines appeared on behalf of defendant Leon Talley, who was also present.

The defendant moves the Court for a three month continuance of the trial in this matter, currently scheduled for January 9, 2008. As grounds, the defendant states that the litigation of the instant case has been complicated by the defendant's recent indictment on state charges which may be factually related to the federal matter. The defendant contends that, because of these new charges, additional time is needed to fully explore what impact the state charges may have upon the federal prosecution. During the hearing, the government indicated that it does not oppose the continuance.

Accordingly, for good cause shown, the Court finds that a continuance of the trial date is necessary and further finds that the ends of justice served by continuing this matter outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that the failure to continue this matter would deprive the parties of adequate time to prepare for trial. 18 U.S.C. § 3161(h)(8)(B)(iv). The Court finds that this process could not be accomplished before the current January 9, 2008 trial date or in less than approximately three (3) months. The Court finds that if this matter were not continued a miscarriage of justice would occur. 18 U.S.C. § 3161(h)(8)(B)(i). Accordingly, the Court **ORDERS** that this matter be continued.

In light of these findings and its continuance of this matter, the Court set a new pretrial conference of **March 13, 2008, at 9:30 a.m.** and a new trial date of **March 26, 2008**. The Court also finds, and the parties agreed, that all the time between the January 3, 2008, hearing and the new trial date of March 26, 2008, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(8)(A)-(B). Additionally, the Court notes that the all of the time between the filing of the instant motion [Doc. 35] and the hearing on that motion is automatically excludable, thus the period of December 19, 2007, through January 3, 2008, was excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

Accordingly, it is **ORDERED**:

(1) The trial of this matter is reset to commence on **March 26, 2008, at 9:00 a.m.,** before the Honorable Thomas A. Varlan, United States District Judge;

(2) All time between the **January 3, 2008,** hearing and the new trial date of **March 26, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth above;

(3) A pretrial conference is set for **March 13, 2008, at 9:30 A.M.** before the undersigned.

**IT IS SO ORDERED.**

ENTER:

  s/ H. Bruce Guyton  
United States Magistrate Judge